**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL TAPIA GARCES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JENCO SUPPLY CORP., JENCO ASSOCIATES, INC., MICHAEL W. LOCHREN, MARK KLEIN, RUTTURA & SONS CONSTRUCTION CO., INC., THE LANDTEK GROUP, INC., G&M CONCRETE CORP., and WORLD CUP CONCRETE CORP.,<br><br>Defendants. | Case No. 26-cv-7097<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Miguel Tapia Garces ("Plaintiff"), by his attorneys, The Marlborough Law Firm, P.C. and Monteiro & Fishman LLP, complaining of Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff drives a ready-mix concrete truck for Defendants Jenco Supply Corp. and Jenco Associates, Inc. (together, "Jenco"). He has delivered and poured concrete on public works projects across Long Island, including school construction at Syosset High School and Brentwood High School, town curb and sidewalk work, and a PSEG Long Island/LIPA project, among many others.

2. New York Labor Law Article 8 required Jenco to pay Plaintiff and his coworkers the prevailing wage and supplements for that work. The applicable classification, Teamster - Delivery of Concrete, Heavy Construction, currently carries a Suffolk County rate of $45.00 per hour plus $53.77 per hour in supplemental benefits, nearly $99.00 per hour in total.

3. Jenco instead paid Plaintiff a flat $40.00 per hour for every hour he worked, on public and private jobs alike, and $60.00 per hour for hours over 40 in a week. Jenco paid no prevailing wage supplements. Jenco's pay stubs do not identify any prevailing wage rate, job classification, or type of work.

4. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and New York law to recover unpaid prevailing wages and supplements, overtime calculated on the prevailing wage rates to which he was entitled, and statutory damages for Defendants' failure to provide the wage statements required by New York Labor Law § 195(3). Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b) and his New York claims as a class action under Federal Rule of Civil Procedure 23.

5. Defendants Michael W. Lochren and Mark Klein are named individually because they own, control, or manage Jenco and exercised operational control over Plaintiff's employment, and they are therefore employers of Plaintiff within the meaning of the FLSA and the New York Labor Law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), because those claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). Jenco's principal place of business is in Bay Shore, Suffolk County, New York, and a substantial part of the

events giving rise to Plaintiff's claims occurred in Suffolk and Nassau Counties, within the Eastern District of New York.

## PARTIES

9. Plaintiff Miguel Tapia Garces is an individual who resides in Bay Shore, New York. Defendants have employed Plaintiff as a ready-mix concrete truck driver since approximately August 2020, and he remains employed by Defendants.

10. Defendant Jenco Supply Corp. is a New York corporation with its principal place of business at 45 South Fourth Street, Suite 1, Bay Shore, New York.

11. Upon information and belief, Defendant Jenco Associates, Inc. is a New York corporation with its principal place of business in Bay Shore, New York. Jenco Associates, Inc. appears on Jenco's letterhead and, upon information and belief, operates together with Jenco Supply Corp. as a single ready-mix concrete business.

12. Defendant Michael W. Lochren is an individual who is the Chief Executive Officer and, upon information and belief, an owner of Jenco.

13. Defendant Mark Klein is an individual who is Jenco's Dispatch and Production Manager.

14. Defendant Ruttura & Sons Construction Co., Inc. ("Ruttura") is, upon information and belief, a New York corporation with a principal place of business at 200 Cabot Street, West Babylon, New York 11704.

15. Defendant The LandTek Group, Inc. ("LandTek") is, upon information and belief, a New York corporation with a principal place of business in Amityville, New York.

16. Defendant G&M Concrete Corp. ("G&M") is a New York corporation with an address for service of process at 1087 Route 58, Riverhead, New York 11901.

17. Defendant World Cup Concrete Corp. ("World Cup") is a New York corporation with an address for service of process at 1523 Church Street, Holbrook, New York 11741.

18. Ruttura, LandTek, G&M, and World Cup are referred to together as the "Upper-Tier Contractor Defendants." Jenco, Lochren, and Klein are referred to together as the "Employer Defendants." Except in Count III, references in this Complaint to "Defendants" refer to the Employer Defendants.

## FACTUAL ALLEGATIONS

### A. Jenco's Business and Public Works Projects

19. Jenco produces ready-mix concrete and delivers it by truck to construction sites on Long Island, where its drivers discharge the concrete for placement.

20. A substantial part of Jenco's business consists of supplying and delivering concrete to public works projects in New York State, including projects of school districts, towns, Suffolk County, and the Long Island Power Authority.

21. Plaintiff has delivered and poured concrete for Jenco on public works projects including, without limitation: (a) construction at Syosset High School; (b) construction at Brentwood High School; (c) town curb and sidewalk projects; (d) a PSEG Long Island/LIPA project designated "Northport LIRT Building #2," on which Jenco supplied concrete through G&M, including deliveries on October 29 and 30, 2026; (e) an addition to the Town of Islip Town Hall; (f) an early childhood center project in the Wyandanch Union Free School District; and (g) construction at Suffolk County Community College. These projects are examples only and are not a complete list. Plaintiff has delivered and poured concrete on many other public works projects during his employment, which can be identified from Defendants' dispatch, delivery ticket, and payroll records.

22. Upon information and belief, each of these projects was a public work performed under a contract to which a public entity was a party, and each contract required, expressly or by operation of New York Labor Law § 220, that workers performing work on the project be paid not less than the prevailing rate of wages and supplements.

23. Upon information and belief, Jenco performed its work on these projects under contracts or subcontracts with the public owners or with the prime or general contractors, and those contracts incorporated the prevailing wage requirements of New York Labor Law Article 8.

24. Upon information and belief, Defendant Ruttura held the contract, as general contractor or upper-tier subcontractor, for the construction work at Syosset High School, and Defendant LandTek held the contracts, as general contractor or upper-tier subcontractor, for the construction work at Brentwood High School, among other public works projects. Ruttura and LandTek each engaged Jenco to supply, deliver, and discharge concrete on those projects, and Plaintiff delivered and poured concrete on each of them. Upon information and belief, Defendant G&M held the contract or subcontract for the concrete work on the PSEG Long Island/LIPA project designated "Northport LIRT Building #2," engaged Jenco to supply and deliver concrete to that project, and is identified on Jenco's delivery tickets for Plaintiff's deliveries to that project on October 29 and 30, 2026. Upon information and belief, Defendant World Cup held the contract or subcontract for the concrete work on an addition to the Town of Islip Town Hall, an early childhood center project in the Wyandanch Union Free School District, and a project at Suffolk County Community College, engaged Jenco to supply and deliver concrete to those projects, and Plaintiff delivered and poured concrete on each of them. These projects are examples only. Upon information and belief, each of the Upper-Tier Contractor Defendants engaged Jenco on additional public works projects on which Plaintiff and other drivers performed covered work. Upon

information and belief, each of those contracts required the payment of prevailing wages and supplements to all workers performing covered work on the project, including the employees of lower-tier contractors such as Jenco.

**B. Plaintiff's Work on Public Works Projects**

25. Plaintiff's job is to drive a ready-mix concrete truck from Jenco's plant to the job site and to discharge and place the concrete at the site.

26. At public works job sites, Plaintiff does not merely drop off material. He positions his truck at the pour location, operates the drum and chute to discharge concrete directly into forms and placement areas at the direction of the site crew, repositions the truck and chute as the pour proceeds, remains at the site for the duration of the pour, and washes out his truck at the site.

27. Plaintiff's work at the job sites is an integral part of the concrete work on those public works projects and is work of the kind performed by the Teamster - Delivery of Concrete, Heavy Construction classification on the prevailing wage schedules issued by the New York State Department of Labor.

28. Plaintiff's on-site work on public works projects, including positioning his truck, discharging and placing concrete, and remaining at the site for the pour, is work performed on the site of a public work. That work is covered by New York Labor Law § 220 regardless of whether his driving time is also covered.

29. Drivers hauling concrete from commercial plants to public work sites in Nassau and Suffolk Counties within 50 miles are employed on public work within the meaning of New York Labor Law § 220, and must be paid prevailing wages from the time loading begins until delivery is complete, as the New York State Department of Labor has long interpreted § 220 and as New York Labor Law § 220(3-a)(g) now provides.

30. Upon information and belief, Jenco's plant is located within 50 miles of the public works sites to which Plaintiff and the other drivers delivered concrete.

31. A substantial portion of Plaintiff's work for Jenco is on public works projects. In a typical workweek of approximately 60 hours, Plaintiff spends approximately 15 to 20 hours on public works projects, and during some periods his public works hours have been substantially higher.

**C. The Applicable Prevailing Wage Rates**

32. Under the prevailing wage schedule issued by the New York State Department of Labor for Suffolk County, the prevailing wage for Teamster - Delivery of Concrete, Heavy Construction for the schedule year beginning July 1, 2026 is $45.00 per hour, plus supplemental benefits of $53.77 per hour.

33. Upon information and belief, the prevailing wage schedules for Suffolk County and Nassau County for each prior year of the relevant period set rates and supplements for Teamster - Delivery of Concrete, Heavy Construction that likewise substantially exceeded what Jenco paid Plaintiff.

34. The applicable prevailing wage schedules also require premium pay for overtime hours, calculated on the prevailing wage rate.

**D. Defendants' Pay Practices**

35. Throughout Plaintiff's employment, Defendants have paid him a flat hourly rate for all hours he worked, regardless of whether the work was on a public works project or a private job. Defendants currently pay Plaintiff $40.00 per hour for hours up to 40 per week and $60.00 per hour for hours over 40 per week.

36. Defendants have never paid Plaintiff the prevailing wage rate for any of his work on public works projects.

37. Defendants have never paid Plaintiff prevailing wage supplements, or cash in lieu of supplements, for his work on public works projects.

38. Plaintiff's pay stubs show a weekly payment of $60.00 labeled "Wage Supplement," which Defendants then deduct and deposit into his 401(k) account. That amount is the weekly employer 401(k) contribution called for by the collective bargaining agreement. Defendants also provide Plaintiff with single health insurance coverage. Defendants provide these benefits at the same level regardless of whether Plaintiff works on public works projects or private jobs. Even if credited in full, they amount to a small fraction of the $53.77 per hour in supplements required by the schedule.

39. Defendants calculate Plaintiff's overtime only on a weekly basis, at one and one-half times the flat $40.00 rate, rather than at one and one-half times the prevailing wage rate to which he was entitled for his public works hours.

40. Plaintiff regularly works more than 40 hours per week. In the busy season he typically works 60 to 65 hours per week, and workdays of 11 hours or more are common. In the four weekly pay periods from September 21 through October 18, 2026, for example, Plaintiff worked 40.75, 50, 62.5, and 56 hours.

41. Plaintiff's pay stubs do not state any prevailing wage rate, job classification, job location, or type of work, and do not distinguish between hours worked on public works projects and hours worked on private jobs.

42. Upon information and belief, Defendants employ approximately 24 ready-mix truck drivers at any given time. Defendants apply the same pay practices to all of their drivers: a flat

hourly rate on all work, public and private; overtime at one and one-half times that flat rate; no prevailing wage supplements; and pay stubs that omit any prevailing wage information.

43. Plaintiff is a member of United Service Workers Union, Local 339, IUJAT, which has a collective bargaining agreement with Jenco for the period February 1, 2024 through January 31, 2027. That agreement does not set any prevailing wage rate, does not address work on public works projects, does not require arbitration of statutory claims, and does not need to be interpreted to resolve any claim in this action. Plaintiff's claims arise under federal and state statutes and under Jenco's public works contracts, not under the collective bargaining agreement.

**E. Defendants' Knowledge and Willfulness**

44. Upon information and belief, Defendants knew that the projects described above were public works subject to prevailing wage requirements, because the contracts under which Jenco supplied concrete to those projects required payment of prevailing wages and Jenco regularly bid on and performed public work.

45. Defendants nonetheless chose to pay their drivers one flat rate for all work and to omit any prevailing wage information from their pay stubs.

46. Defendants' failure to pay prevailing wages, supplements, and overtime calculated on the prevailing wage rate was willful.

**F. Defendants Lochren and Klein**

47. Defendant Lochren is the Chief Executive Officer of Jenco and, upon information and belief, has authority over and controls Jenco's operations, including its pay rates and pay practices, its bidding on and performance of public works projects, and the hiring and firing of its drivers.

48. Upon information and belief, Defendant Lochren determined or approved the flat hourly rate that Jenco paid its drivers on all work, public and private, and the decision not to pay prevailing wages and supplements.

49. Defendant Klein manages Jenco's drivers and operations. He supervises Plaintiff's work, assigns Plaintiff to jobs, and controls Plaintiff's work schedule.

50. Upon information and belief, Defendants Lochren and Klein maintained or controlled the employment and payroll records of Plaintiff and the other drivers.

51. At all relevant times, Defendants Lochren and Klein were employers of Plaintiff and the other drivers within the meaning of 29 U.S.C. § 203(d) and New York Labor Law §§ 2 and 651.

**G. Jenco as a Single Employer**

52. Upon information and belief, Jenco Supply Corp. and Jenco Associates, Inc. share common ownership and management through Defendant Lochren, share offices in Bay Shore, use common letterhead, and operate as a single integrated ready-mix concrete enterprise.

53. At all relevant times, Jenco Supply Corp. and Jenco Associates, Inc. were joint employers of Plaintiff and the other drivers within the meaning of the FLSA and the New York Labor Law.

54. At all relevant times, Jenco was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), with annual gross volume of sales made or business done of not less than $500,000, and with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including cement, aggregate, admixtures, fuel, and concrete trucks.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff brings Count I as a collective action under 29 U.S.C. § 216(b) on behalf of himself and all ready-mix concrete truck drivers employed by Defendants who, at any time from three years before the filing of this Complaint through the date of final judgment, worked more than 40 hours in any workweek in which they performed work on a public works project subject to New York Labor Law Article 8 (the “FLSA Collective”).

56. Plaintiff and the FLSA Collective members are similarly situated. They performed the same job, were paid under the same flat-rate pay practice, were not paid the prevailing wage rates to which they were entitled for their public works hours, and were paid overtime calculated on the flat rate rather than on the prevailing wage rate.

57. Defendants are aware or should be aware that the FLSA requires them to pay overtime at one and one-half times the regular rate at which their employees are lawfully employed.

58. Plaintiff requests that the Court authorize notice of this action to all FLSA Collective members under 29 U.S.C. § 216(b), and direct Defendants to produce their names and contact information.

59. Plaintiff’s written consent to join this action under 29 U.S.C. § 216(b) is attached as Exhibit A.

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings Counts II through V as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of himself and the following classes:

(a) The “Prevailing Wage Class”: all ready-mix concrete truck drivers employed by Defendants who performed work on any public works project subject to New York Labor Law Article 8 at any time from six years and 228 days before the filing of this Complaint through the date of final judgment.

(b) The "Wage Statement Class": all ready-mix concrete truck drivers employed by Defendants who performed work on any public works project subject to New York Labor Law Article 8 at any time from six years and 228 days before the filing of this Complaint through the date of final judgment.

61. Together, the Prevailing Wage Class and the Wage Statement Class are referred to as the "Classes." The 228-day period reflects the tolling of statutes of limitations under New York Executive Order 202.8 and its extensions during the COVID-19 pandemic.

62. Numerosity. The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, Defendants employ approximately 24 drivers at any given time, and with turnover during the class period, each Class includes more than forty members. The precise number can be determined from Defendants' payroll, dispatch, and delivery ticket records.

63. Commonality. There are questions of law and fact common to the Classes, including: (a) whether Defendants' projects were public works subject to New York Labor Law Article 8; (b) whether the drivers' work on those projects is covered by the Teamster - Delivery of Concrete, Heavy Construction classification; (c) whether Defendants paid the drivers less than the applicable prevailing wage rates and supplements; (d) whether the drivers were intended third-party beneficiaries of Defendants' public works contracts; (e) whether Defendants calculated overtime on sub-prevailing rates; (f) whether Defendants provided the wage statements required by New York Labor Law § 195; and (g) the proper measure of damages.

64. Typicality. Plaintiff's claims are typical of the claims of the Classes. Plaintiff and the Class members performed the same job under the same pay practices and were injured by the same conduct.

65. Adequacy. Plaintiff will fairly and adequately protect the interests of the Classes. He has no interests that conflict with those of the Classes, and he has retained counsel experienced in wage and hour class and collective actions, including prevailing wage actions.

66. Predominance and superiority. Common questions predominate over any questions affecting only individual members, because Defendants applied uniform pay practices to all drivers. A class action is superior to other available methods for adjudicating this controversy. Individual Class members' claims are small relative to the cost of individual litigation, many Class members are current employees who may fear retaliation, and a class action will avoid inconsistent results and conserve the resources of the parties and the Court.

## COUNT I

## Fair Labor Standards Act, 29 U.S.C. § 207

## (Overtime, on Behalf of Plaintiff and the FLSA Collective, Against the Employer Defendants)

67. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

68. At all relevant times, Defendants were employers, and Plaintiff and the FLSA Collective members were employees, within the meaning of 29 U.S.C. § 203.

69. The FLSA requires employers to pay employees overtime at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

70. For the work they performed on public works projects, Plaintiff and the FLSA Collective members were legally entitled to be paid not less than the applicable prevailing wage rate. The regular rate at which they were lawfully employed for those hours was therefore the prevailing wage rate, not the lower flat rate Defendants actually paid.

71. In workweeks in which Plaintiff and the FLSA Collective members performed public works and worked more than 40 hours, Defendants paid overtime at one and one-half times the flat rate, rather than at one and one-half times the prevailing wage rate, in violation of 29 U.S.C. § 207(a)(1).

72. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff and the FLSA Collective members are entitled to recover their unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees, and costs under 29 U.S.C. § 216(b).

**COUNT II**

**New York Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142-2.2**

**(Overtime, on Behalf of Plaintiff and the Prevailing Wage Class, Against the Employer Defendants)**

74. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

75. At all relevant times, Defendants were employers, and Plaintiff and the Prevailing Wage Class members were employees, within the meaning of New York Labor Law §§ 2 and 651.

76. New York Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142-2.2 require employers to pay employees overtime at one and one-half times the employee's regular rate for hours worked over 40 in a workweek.

77. For their public works hours, the regular rate of Plaintiff and the Prevailing Wage Class members was the applicable prevailing wage rate. Defendants paid them overtime calculated on the lower flat rate instead, in violation of New York Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

78. Defendants' violations were willful.

79. Plaintiff and the Prevailing Wage Class members are entitled to recover their unpaid overtime compensation, liquidated damages under New York Labor Law § 198(1-a), prejudgment interest, and reasonable attorneys' fees and costs under New York Labor Law §§ 198 and 663.

**COUNT III**

**Breach of Contract, Third-Party Beneficiary Under New York Labor Law Article 8**

**(On Behalf of Plaintiff and the Prevailing Wage Class, Against Jenco Supply Corp., Jenco Associates, Inc., and the Upper-Tier Contractor Defendants)**

80. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

81. New York Labor Law § 220 requires that every public works contract contain a provision that each laborer, workman, or mechanic employed by the contractor or subcontractor be paid not less than the prevailing rate of wages and supplements for the work performed. That provision exists for the benefit of the workers who perform the work.

82. Jenco entered into contracts, directly with public entities or with the prime or general contractors or upper-tier subcontractors on public works projects, under which Jenco agreed, expressly or by operation of New York Labor Law § 220, to pay prevailing wages and supplements to the workers performing covered work.

83. The Upper-Tier Contractor Defendants entered into public works contracts for projects on which Plaintiff and the Prevailing Wage Class members performed covered work, under which they agreed, expressly or by operation of New York Labor Law § 220, that prevailing wages and supplements would be paid to all workers performing covered work on those projects, including the employees of lower-tier contractors such as Jenco.

84. Plaintiff and the Prevailing Wage Class members were the intended third-party beneficiaries of the contracts described in the two preceding paragraphs and were entitled under them to be paid the prevailing wage rate and supplements for the Teamster - Delivery of Concrete, Heavy Construction classification for all hours of covered work, including any premium rate required for overtime hours.

85. Jenco breached its contracts by paying Plaintiff and the Prevailing Wage Class members a flat hourly rate below the prevailing wage and by failing to pay the required supplements. The Upper-Tier Contractor Defendants breached their contracts because the prevailing wages and supplements those contracts required were not paid to Plaintiff and the Prevailing Wage Class members for covered work on the Upper-Tier Contractor Defendants' projects, and they are liable for those unpaid amounts.

86. As a direct result of these breaches, Plaintiff and the Prevailing Wage Class members have been damaged in the amount of the difference between the prevailing wages and supplements to which they were entitled and the amounts actually paid, together with prejudgment interest under N.Y. C.P.L.R. §§ 5001 and 5004.

**COUNT IV**

**Unjust Enrichment and Quantum Meruit**

**(On Behalf of Plaintiff and the Prevailing Wage Class, Against Jenco Supply Corp. and Jenco Associates, Inc., Pleaded in the Alternative)**

87. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

88. This Count is pleaded in the alternative to Count III, to the extent Plaintiff and the Prevailing Wage Class members are found not to be third-party beneficiaries of an enforceable contract.

89. Plaintiff and the Prevailing Wage Class members performed covered work on Jenco's public works projects in good faith, with the expectation of being paid at the prevailing wage rate and supplements for that work.

90. Jenco accepted the benefit of that work and was paid for it on public works projects that required prevailing wages, but did not pay Plaintiff and the Prevailing Wage Class members the reasonable value of their services, as measured by the applicable prevailing wage rates and supplements.

91. Jenco was unjustly enriched at the expense of Plaintiff and the Prevailing Wage Class members, and equity and good conscience require Jenco to make restitution of the difference between the prevailing wages and supplements and the amounts actually paid.

**COUNT V**

**New York Labor Law §§ 195(3) and 198(1-d)**

**(Wage Statements, on Behalf of Plaintiff and the Wage Statement Class, Against the Employer Defendants)**

92. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

93. New York Labor Law § 195(3) requires employers to furnish each employee, with every payment of wages, a statement listing, among other things, the rate or rates of pay and basis thereof, the regular and overtime rates of pay, and the number of regular and overtime hours worked.

94. Defendants' wage statements to Plaintiff and the Wage Statement Class members did not accurately state the rates of pay to which they were entitled. The statements listed a single flat rate for all hours, did not state the prevailing wage rate or overtime rate applicable to public works hours, and did not separate public works hours from other hours.

95. Defendants' inaccurate wage statements caused Plaintiff concrete harm. Because the statements reported a single flat rate and gave no indication that any of his hours were public works hours paid below the required rate, Plaintiff could not determine from them that he was being underpaid, and he could not identify or challenge the underpayment. Defendants continued to underpay him as a result. Had the statements disclosed the prevailing wage rate and supplements applicable to his public works hours, Plaintiff would have challenged the underpayment years earlier, as he did through his union in October 2026 once he learned that those rates applied. Because he did not, Plaintiff lost wages he can no longer recover, including overtime under the FLSA for workweeks more than three years before the filing of this Complaint.

96. Plaintiff and the Wage Statement Class members are entitled to statutory damages of $250 for each workday that the violation occurred or continues to occur, up to $5,000 each, together with reasonable attorneys' fees and costs, under New York Labor Law § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Classes, respectfully requests that the Court enter judgment against the Employer Defendants and, on Count III, the Upper-Tier Contractor Defendants, jointly and severally, and award the following relief:

A. An order authorizing notice of this action to the FLSA Collective under 29 U.S.C. § 216(b) and directing Defendants to produce the names and contact information of all FLSA Collective members;

B. An order certifying the Prevailing Wage Class and the Wage Statement Class under Federal Rule of Civil Procedure 23(b)(3), appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

C. Unpaid overtime compensation under the FLSA and the New York Labor Law, calculated on the applicable prevailing wage rates;

D. Unpaid prevailing wages and supplements, or in the alternative restitution of their value, owed to Plaintiff and the Prevailing Wage Class;

E. Liquidated damages under 29 U.S.C. § 216(b) and New York Labor Law § 198(1-a), without duplication;

F. Statutory damages under New York Labor Law § 198(1-d);

G. Prejudgment and post-judgment interest;

H. Reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and New York Labor Law §§ 198 and 663; and

I. Such other and further relief as the Court deems just and proper.

Dated: Lynbrook, New York
November 3, 2026

Respectfully submitted,

**THE MARLBOROUGH LAW FIRM, P.C.**

By: Christopher Marlborough
Christopher Marlborough
375 Sunrise Highway, Suite 3
Lynbrook, New York 11563
(212) 991-8960
chris@marlboroughlawfirm.com

**MONTEIRO & FISHMAN LLP**
Marcus Monteiro
91 North Franklin Street, Suite 108
Hempstead, New York 11550
(516) 280-4600
mmonteiro@mflawny.com

*Attorneys for Plaintiff, the Proposed FLSA Collective, and the Proposed Classes*